IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51323
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

v.

LEANDRO CARDENAS LUNA,

                              Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 2:06-CR-972

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Leandro Luna was convicted, following a bench trial on stipulated facts,

of possession with intent to distribute 100 kilograms or more of a mixture or sub-

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

stance containing a detectable amount of marihuana. He argues that the district court erred in denying his motion to suppress evidence, because the Border Patrol agent who stopped his vehicle lacked reasonable suspicion.

"A border patrol agent conducting a roving patrol may make a temporary investigative stop of a vehicle only if the agent is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity." United States v. Jacquinot, 258 F.3d 423, 427 (5th Cir. 2001). The reasonable suspicion analysis is a fact-intensive test in which the court takes into account the totality of the circumstances. Id. The officer must be able to articulate something more than an "inchoate and unparticularized suspicion or hunch." United States v. Neufeld-Neufeld, 338 F.3d 374, 379 (5th Cir. 2003) (internal quotation marks and citations omitted).

A Border Patrol agent with several years of experience in the Pecos River area stopped a pickup truck driven by Luna and towing a boat. The stop occurred as Luna was leaving a boat ramp on the Pecos River about one quarter of a mile from the border; he had removed the boat from the water shortly before the stop. According to the agent's testimony, which the district court found credible, the Pecos River area is a heavy narcotics smuggling route. A reliable confidential informant had told the agent that an individual fitting Luna's description was using the river for narcotics trafficking, and the agent was aware of several recent seizures of marihuana in the vicinity of the boat ramp.

The relevant factors and the totality of the circumstances show that the district court did not err in deciding that the stop of Luna's vehicle was based on reasonable suspicion. See United States v. Brignoni-Ponce, 422 U.S. 873, 884-85 (1975); Jacquinot, 258 F.3d at 427. The court determined that, once stopped, Luna gave valid consent for a search of the boat. Luna does not challenge the determination that the marihuana concealed in the boat was found pursuant to a consensual search or the determinations regarding the legality of the investiga-

tion or the arrest or the admissibility of statements.  He has therefore waived those issues.  See United States v. Fagan, 821 F.2d 1002, 1015 n.9 (5th Cir. 1987).

The judgment is AFFIRMED.